PER CURIAM.
In February 2001, K.L. (“the maternal grandmother”) filed a petition for grandparent visitation, pursuant to § 30-3-4.1, Ala.Code 1975. She alleged in her petition that B.M. and S.M. (“the parents”) have disallowed her visitation with her grandchild J.M. (“the child”). The parents filed a motion to dismiss the maternal grandmother’s petition, arguing that § 30-3-4.1 is unconstitutional. As required by § 6-6-227, Ala.Code 1975, the parents served the motion on the Attorney General. Following a trial, the juvenile court granted the maternal grandmother certain visitation rights with the child. The parents filed a postjudgment motion, which the juvenile court denied.
The parents appeal, arguing that the trial court erred in granting the maternal grandmother visitation rights. They reassert their argument that § 30-3-4.1 is unconstitutional. We agree with the parents.
A majority of this court held that § 30-3-4.1 was unconstitutionally applied in R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001). We conclude that this case presents no reasons for a result different from that reached by a majority of this court in R.S.C., and we, therefore, conclude that § 30-3-4.1 was unconstitutionally applied in this case as well. Therefore, the trial court’s judgment is reversed. On remand, the trial court is instructed to enter an order consistent with this opinion
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.
CRAWLEY, J., concurs in the result.